JUDGE TORRES

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

14 CV 4924

---

HUSSEIN GILLESPIE,

                    Plaintiff,

  -against-

THE CITY OF NEW YORK and Police Officers "JOHN DOES" 1-10,
Individually and in their Official Capacities, the names "JOHN DOES"
being fictitious as the true names are not presently known,

                    Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED JUL 01 2014 U.S.D.C. S.D.N.Y. CASHIERS

---

Plaintiff, HUSSEIN GILLESPIE, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

8. At all times hereinafter mentioned, the individually named defendants POLICE OFFICERS "JOHN DOE" 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

12. On or about March 5, 2014 at approximately 11:30 p.m., plaintiff, HUSSEIN GILLESPIE, was lawfully present inside 200 West 111th Street, Apt 1D, in the County and State of New York.

13. At that time and place, defendant officers entered the apartment and immediately placed plaintiff under arrest, handcuffing his arms tightly behind his back.

14. At no time on March 5, 2014 did plaintiff commit any crime or violation of law.

15. At no time on March 5, 2014 did defendants possess probable cause to arrest plaintiff.

16. At no time on March 5, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

17. Defendants then transported plaintiff to a nearby police precinct.

18. Plaintiff was held in custody for approximately sixty (60) hours until he was released when the New York County District Attorney's Office declined to prosecute any charges against him.

19. As a result of the foregoing, plaintiff HUSSEIN GILLESPIE sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of his constitutional rights.

20. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiff, HUSSEIN GILLESPIE, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in

violation of 42 U.S.C. §1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

26. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

27. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### SECOND CLAIM FOR RELIEF FOR
### FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

28. Plaintiff HUSSEIN GILLESPIE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

29. As a result of the defendants' conduct, plaintiff was not presented before a judicial officer within a reasonable amount of time after being taken into custody.

30. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

31. Plaintiff, HUSSEIN GILLESPIE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

32. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

33. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

34. As a result of the foregoing, plaintiff, HUSSEIN GILLESPIE, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

35. Plaintiff, HUSSEIN GILLESPIE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

36. Defendants arrested and held plaintiff in custody plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and detention would jeopardize plaintiff's liberty, well-being and safety, and violate his constitutional rights.

37. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

40. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support arrests lacking probable cause;

    iv. falsifying evidence and testimony to cover up police misconduct.

41. The foregoing customs, policies, usages, practices, procedures and rules of THE

CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, HUSSEIN GILLESPIE.

42. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

44. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was arrested and held in custody unlawfully.

45. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

46. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

47. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

48. Plaintiff, HUSSEIN GILLESPIE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. On or about March 31, 2014, and within (90) days after the claims herein accrued, the

plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

50. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

51. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

52. Plaintiff has complied with all conditions precedent to maintaining the instant action.

53. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FIFTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

54. Plaintiff, HUSSEIN GILLESPIE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. At the aforesaid place and time, the individually named defendants did cause plaintiff, HUSSEIN GILLESPIE, to be unlawfully assaulted and battered, without cause or provocation by the use of excessive force by the individual police officers.

56. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

57. As a result of the aforesaid assault and battery, plaintiff, HUSSEIN GILLESPIE, was injured, both physically and mentally.

## SIXTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

58.     Plaintiff, HUSSEIN GILLESPIE, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

60.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

61.     As a result of the foregoing plaintiff, HUSSEIN GILLESPIE, was caused to sustain deprivation of liberty, psychological and emotional injuries.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING/SUPERVISION

62.     Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

63.     Defendant, CITY OF NEW YORK, selected, trained, assigned and supervised all members of its Police Department, including the defendants individually named above.

64.     Defendant, CITY OF NEW YORK, was negligent and careless when it trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

65.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 25, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Index No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

---

HUSSEIN GILLESPIE,

                                                    Plaintiff,

    -against-

THE CITY OF NEW YORK AND POLICE OFFICERS "JOHN DOE" 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, THE NAMES "JOHN DOES" BEING FICTITIOUS AS THE TRUE NAMES ARE NOT PRESENTLY KNOWN,

                                                    Defendants.

---

## SUMMONS AND COMPLAINT

---

### Law Offices of Michael S. Lamonsoff, PLLC
*Attorneys for Plaintiff*
80 Maiden Lane, 12th Floor
New York New York 10038
T: (212) 962-1020

---

TO:   City of New York
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10007

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                    Matthew Shroyer